Alina Schell, Federal Defender, on behalf of Appellant David Perelman. Also with me at Council table is Alan Lichtenstein, General Counsel for Amicus, ACLU of Nevada. At this time, I'd like to reserve two minutes for rebuttal. Your Honors, the speech at issue in this case is no different than the speech at issue in Alvarez. If a person can stand on the corner and falsely proclaim that they are the recipient of a Medal of Honor, why can't a grieving mother wear a purple heart to her son's funeral? Is that what your guy is? No, Your Honor. He did not do that. Your guy is somebody who tried to get veterans' benefits that he wasn't entitled to, as I understand it. Yes. And for that, he was prosecuted for theft of government funds in addition to the count that's at issue in this case. Let me ask you a question. Do you think – would it be constitutional to have a statute that prohibits somebody from wearing an FBI badge? Your Honor, that would be under the – if they are using it to falsely represent themselves in order to get something of benefit to which they're not entitled. Which is what your guy did. Which is what my – my – well, it is and it isn't, Your Honor. He did wear a medal of – a purple heart without authorization. However, that count and that conduct is separate from the conduct under which he was convicted for theft of government funds. That leads to my question, which is, why can't we give this subsection of the statute a limiting construction so that it applies only when someone is actually trying to deceive others that they are authorized and entitled? For example, I'm pretty sure Congress did not have in mind to prosecute everybody who acted in a movie like, you know, A Few Good Men, where nobody is deceived that this is – or the grieving mother at the funeral is not trying to deceive anyone that she is the one who is entitled to this medal. But if we give it the limiting construction of deception as part of the knowing word in the statute, why wouldn't that satisfy the constitutional concerns? Your Honor, that is not – I do not believe that that is permissible under Alvarez. First, what distinguishes the section at issue here from the section at issue in Alvarez is that it's not limited to false representations or false statements. Here you've got something which is exponentially more expansive because it prohibits all conduct, all symbolic speech related to use of the medal. Well, that's exactly why I'm suggesting that it have a limiting construction for the kind of falsity that you say is different than grief or theater or these other examples that you've given. Well, yes, Your Honor. But as this Court noted in Alvarez, what distinguishes the Stolen Valor Act from anti-fraud – from typical anti-fraud statutes is, is that all that's prohibited here is the act itself, and there's no additional requirement that one – there's no additional requirement there's harm to someone else. Well, there is if you limit it to those who are trying to deceive others, because in a sense, isn't this the government's speech saying the badge representing the government asserting that this person has given service to the United States and has either been wounded or acted bravely? It's the imprimatur of the government that makes this different than Alvarez, it seems to me. Your Honor, the Military Medals Program itself is government speech, and we noted that in our briefs.  I mean, it's speech by the government when they award the medal to someone. But what that person chooses to do with that medal, once they're in their civilian capacity, once they're discharged, is entirely up to them. And if, let's say, someone – if my client had legitimately won the Purple Heart and decided later, you know what, I'm really mad at my government for the involvement in Iraq, I'm going to go throw my Purple Heart off the Golden Gate Bridge, it's his right to do it. It's his speech at that point. The government has said that the medal isn't his speech. The act of spitting on it or throwing it away is his speech. But the medal itself is never his speech. Your Honor, the act of wearing the medal itself, for example, in the case of Mr. Perlman or in the case of Tom Hanks and Forrest Gump, wearing a medal is used to communicate an idea. Wearing the medal is an inherently expressive activity. Certainly, we do not always like the message that's being communicated by it. It could be to communicate I'm in a play, I am supporting our troops, or it could be, as in the case of my client, that I am – I am falsely representing to people that I am a recipient of that award. Just because we don't like the speech, as this Court noted in Alvarez, simply not liking the speech is not a reason to prohibit it. That makes this a content-based regulation. Well, what about Judge Graber's question? Why can't we read into the statute exclusions for theatrical productions, exclusions for the grieving families, and limit it to what you told me at the beginning would be legal, which is the intention to deceive or to – to act fraudulently? Because, Your Honor, that would be engaging in content-based discrimination. As the Supreme Court said in Texas – What content would we be – You'd be discriminating against people who want to make any kind of statement. If you were saying – No, I'm – no, we just want to discriminate against the cheat. We only want to catch the cheat. Well, Your Honor, you can't do that because the plain language of the statute says – all it says is it prohibits people from knowingly wearing a medal without authorization. There's no secondary requirement that can be read into it. And, indeed, none of the courts that have looked at this particular provision of the statute have ever read into it that kind of limited construction. What are the limits to our ability to take a statute like this one or any other and narrow its scope so that it stays within constitutional bounds? We can't totally rewrite statutes at will, but there is a doctrine that allows a narrowing construction. How do we know where that line is between permissible narrowing and impermissible revision? Well, Your Honor, when speech is at issue, as this Court says in Alvarez, when you are faced with a statute where there's speech being regulated, if that – if the speech can be – if a bad, valueless speech like making a false representation can be limited by some other means, such as more speech, then you have to err on the side of not regulating it with a statute. And here – You several times have relied on Alvarez. There's a very great difference between that case and this because I was interpreting 704B, which relates to verbally or in writing, representing. That's very different than just wearing something if you're verbally or in writing specifying that something. Your Honor, the Supreme Court said in Hurley v. Irish American Gay and Lesbian Group that the Constitution looks beyond the written or spoken word in the context of the First Amendment. Here, the speech is – there's a different medium of expression, but it is no less expressive. But it's certainly different than Alvarez. You can't really rely on Alvarez to substantiate your point when the requirements are very different under 7404B and this case. Your Honor, Alvarez does – I assert that Alvarez does control here. And moreover, this statute is far more troubling than the statute at issue in Alvarez. But subsection A is primarily dealing with things that have nothing to do with speech in the form that you're talking about. It talks about import and export and selling and manufacturing fake metals and doing a lot of non-speech things. It's only the wearing that's at issue here, but for the most part, it's not a speech-related section. Your Honor, a lot of the other activities listed in the – in 704A are at least related to speech when you're transporting, if you're mailing a metal to someone to wear. A lot of those activities are related to expression. And if there – I'm going to reserve the rest of my time for rebuttal. Thank you. Thank you, Your Honor. Good morning. Good morning. May it please the Court, Roger Yang on behalf of the United States. Section 704A is a facially valid, content-neutral statute because, first, the Supreme Court has ruled that it is a facially valid, content-neutral statute to be facially valid and constitutional. Second, there's no substantial risk of censorship as a result of the application of Section 704A. And third, under the O'Brien test, Section 704A is simply an – has incidental effects on speech and, therefore, is facially valid. The Supreme Court in Schacht, United States v. Schacht, a study of that, our previous cases would seem to make it clear that 18 United States Code, Section 702, making an offense to wear our military uniforms without authority, is, standing alone, a valid statute on its face. A military uniform without authority is a facially valid statute on its face. What do you do with the fact that it does – if you just read the statute literally, it appears to be overbroad because it does sweep in theatrical productions, it does sweep in the proud grandchild wearing the medal in a 4th of July parade, it sweeps in a lot of activities and speech that would appear not to be permissibly squelched. So I'm going to ask you the same question. Is a limiting construction possible that would satisfy those concerns? And if so, why? The answer, Your Honor, is yes. Title 32 of the Code of Federal Regulations, Section 507, details some of the, I guess, impermissible uses of the military medal status to deceive or to, you know, state that you are of the status that you have earned a medal. Now, what Section 704a does not ban is secondary or explanatory speech. And as stated by Justice Breyer. What does that mean? For example, if someone is wearing the medal, there's no ban on wearing the medal or giving explanations of why they're wearing the medal or giving context to the medal. Or wearing it and saying, I earned this, but I think the government sucks and I want you all to start a revolution. If it's your medal, you can do that, right? Certainly. And the example given by Mr. Pullman's attorney of throwing your own medal into the bay, that is not wearing, it's not banned, it's not covered by the plain language of Section 704a. So let me just be sure I understand it. You are, you're saying that we do have the authority in your view to limit this to acts that are intended to deceive as distinct from theater or other activities. But how do we get the authority to do that? Is it too much of a rewrite? Your Honor, the government's position is actually that that's not necessary in this case, because the wearing component of the statute is simply the conduct that goes against the government interest. And it's limited to that. If there are additional secondary or explanatory speech applications of the medal, then those will be properly brought as an as-applied challenge, as opposed to the facial challenge. However, the Court has within its power to do that. So I'm not sure that that's symbolic speech. I am a person who earned this medal. Potentially, Your Honor. And but it is precisely that conduct that must be prohibited in by the statute. For example, with military uniforms or with Federal badges, the fact that the government has issued this to you and that you are wearing it or displaying it or using it, that is the precise. And if you do not actually have that authority, that is the precise conduct that must be prescribed to prevent fraud or impersonation or other secondary effects, you know, negative effects from this type of false statement or fraud. Same thing with money, for example. The government has a certain interest in preventing counterfeiting. Yet the way that you use money is to use it or display it or somehow reproduce it. And that is the exact conduct that is prohibited by the statutes. And that, under O'Brien, is content neutral because it does not discriminate on the basis of what your speech is. It's simply the wearing or display or the actual use of that medal, uniform, or badge. And as a result, applying the O'Brien factors, certainly it is within the power of Congress to issue military medals. Also, as stated in Alvarez, the government actually has not only a substantial state interest in preserving the integrity of the medals program, it actually has compelling state interest in preserving the integrity of the program. Whether or not it's unrelated to free expression, that's been established because it does not discriminate on the basis of speech and it does not ban secondary or explanatory or contextual speech. Let me ask you, if Alvarez – I understand there's a petition for cert filed in Alvarez and it hasn't been resolved yet. If Alvarez remains on the books and we were to rule in your favor here, what we would have is you could go into a bar and tell somebody you're trying to pick up, I won a Purple Heart. That would be legal, but you couldn't put the medal on and do the same thing, right? Do I have it right? Yes, Your Honor. How do we reconcile that? One of the problems with Alvarez, Your Honor, is that it's cited to Schacht for the fact that Schacht invalidated the secondary statute, which discriminated on the basis of viewpoint. It said that under Title X, United States Code 772-F, if an actor or theatrical performer were to wear a military uniform in a way that would bring discredit upon that armed force, that that was improper. And the Supreme Court distinguished between the facial validity of 702, simply wearing the military uniform without authorization, and the secondary statute, which did discriminate on the basis of content. If Alvarez were to make that same distinction – well, that's simply the distinction the government is trying to have this court make here, is there's a distinction between a content-neutral regulation, which has incidental effects on speech, and, as stated in Alvarez, pure speech, which is written or verbal representations regarding your having earned a medal. That is the distinction the government is asking this court to make between Alvarez and this case. Certainly, the outcome of that petition may change how this court sees this case as well, but there is a principal distinction here. And certainly, with regard to incidental restrictions, they must be no greater than essential. That is, the government interest would be achieved less efficiently without the absence of regulation. And obviously, the primary use for a military medal is part of a military uniform. It is, you know, in the government's view, no more than part of a military uniform. It should be treated the same under the Supreme Court's precedent, and therefore, this Court should affirm the district court's decision. If there are no further questions? I don't think so. Thank you, Mr. Yang. Ms. Schell, back to you. Thank you, Your Honor. First, I'd like to say that there's no proposition. I have not seen a case that the government cites in support of the proposition that wearing a military medal without authorization would be okay, so long as you engage in some sort of explanatory speech to explain why you're doing it. The Constitution and the Supreme Court and this Court have certainly never required such a thing. But most importantly, Your Honors, what distinguishes this statute from counterfeiting and frauds, anti-fraud statutes that the government has not really addressed is that there's no pecuniary harm involved. When you look at fraud, and may I continue? I see I'm a little over. Finish your sentence, and then we'll wrap it up. Okay. When you look at counterfeiting statutes, impersonation statutes, anti-fraud statutes, there's always a requirement that there is some harm to some individual. There's not one here. Therefore, this statute is unconstitutionally overbroad. Thank you. Thank you, Michelle. Your Honor, if I might ask a personal question. Excuse me, Michelle. Judge Hogg has a question. Yes, Your Honor. How would you distinguish this case from the Supreme Court's ruling in Schacht? Your Honor, Schacht is different because, as the magistrate judge noted in his report and recommendation, and that's at page 10 of the record, 702, the constitutionality of 702 was not at issue in that case. It was only the constitutionality of the other statute. We don't really have a way of knowing, because the Court did not engage in a thorough analysis, how the Court would have ruled had that statute been at issue. Moreover, the government has repeatedly stated in support of this statute that it is necessary to prevent fraudulent statements to protect the integrity and reputation of the military medals program. And while that's certainly a laudable goal, Your Honor, this statute does not achieve that because it is – it prohibits far more speech than necessary. Thank you. Thank you. Thank you, Michelle. Mr. Yang, thank you to the case just argued as submitted. We're going to take a 10-minute recess now, and we'll start again at just about 5 minutes after 10. Thank you. Thank you. All rise.
judges: Hug, Silverman, Graber, Cjj